IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                                              NO. 3:22-CV-227-DMB-RP

DEBRA ARMSTRONG                                                                             DEFENDANT

**ORDER**

On October 26, 2022, the United States of America filed a complaint against Debra Armstrong in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Armstrong's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled."  Doc. #1 at 1.  The complaint alleges that Armstrong, through false representations, received PPP loan proceeds totaling $20,833 (for which the Small Business Administration paid $2,500 in processing fees to the financial institution involved), and that Armstrong, also through false representations, obtained forgiveness of those loans by the SBA.  *Id.* at 6.

On November 22, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the attached [proposed consent judgment]."  Doc. #4; *see* Doc. #4-1.  Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Armstrong who appears pro se.  Doc. #4; Doc. #4-1 at 2.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Armstrong to pay $23,416.90 plus interest and a separate $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 23rd day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**